## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### *Southern Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Case No. 17-cr-0649-PWG |
| KRISTINA LYNN COLLINS | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Kristina Lynn Collins' Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 96. Ms. Collins is being housed at a Bureau of Prisons ("BOP") facility, FCI Danbury, which has been subjected to an outbreak of COVID-19, and she has been recognized as a medically vulnerable inmate. *See* Reply 3, ECF No. 108. Ms. Collins asks this Court to reduce her sentence to time served, or alternately, to reduce her sentence to time served and modify her judgment to add home confinement as a condition of her supervised release. Mot. Mem. 14, ECF No. 98. I have reviewed all the materials[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons discussed below, Ms. Collins' motion is DENIED.

### BACKGROUND

On April 3, 2019, Ms. Collins pleaded guilty to a superseding information that charged her with distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Plea Agmt., ECF No. 60. She had sold heroin mixed with fentanyl that resulted in a young man's death. Stip. Facts, ECF No. 60-1. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), she agreed to a sentence of not less than 96 months of imprisonment and not more than 168 months

---

[1]      The motion is fully briefed.  *See* ECF Nos. 98, 102, and 108.

of imprisonment.  Plea Agmt. ¶ 9.  On August 29, 2019, Ms. Collins was sentenced to a term of incarceration of 96 months, to be followed by three years of supervised release.  ECF No. 85.  At that time, she had already been detained for nearly two years.  Her currently projected release date is June 22, 2024.

Ms. Collins is 31 years old and severely obese with a Body Mass Index ("BMI") of 42.9. Mot. Exs. 1, 3, ECF Nos. 98-1, 98-3.  She also suffers from hypertension and asthma.  *Id.*  These conditions elevate Ms. Collins vulnerability to COVID-19.  *See* Mot. Mem. 2-5.  FCI Danbury has struggled with a COVID-19 outbreak of both inmates and staff members, one inmate has died, and it has been the subject of judicial oversight. *Id.* at 1.  Ms. Collins filed a request with the warden of FCI Danbury on May 15, 2020, and it was denied in writing on May 22, 2020.  *See* Gov't Resp. Exs. A, B, ECF Nos. 102-1, 102-2.  She now seeks compassionate release from this Court.  Ms. Collins' parents are eager to welcome her home, and have lined up services to address her health and dietary needs, as well as her mental health needs.[2]  Mot. Ex. 5, ECF No.  98-5.  She had begun treatment during her pretrial incarceration but is unable to continue working on her rehabilitation under current lockdowns at FCI Danbury.  Mot. Mem. 12-13.

The Government opposes her motion, stating that Ms. Collins has not demonstrated the extraordinary and compelling reasons needed to qualify for compassionate release. Gov't Resp. 6-7.  And, the victim's mother has requested that Ms. Collins be required to serve her full sentence. ECF No.  105.  The Government concedes that Ms. Collins is at risk for COVID-19 because of her obesity, although it does not concede that her hypertension and asthma increase her risk.  Gov't Resp. 7.  The Government asserts that Ms. Collins is a danger to her community because she had

---

[2]       Ms. Collins suffers from PTSD related to a traumatic and violent rape at age 15.  Mot. Mem. Ex. 3, ECF No. 98-3.  The attack also caused permanent nerve damage and pain.  *Id.*

distributed opioids from her parents' home in the past, and she named her prior medical doctor—who had prescribed strong opiate medications to her in the past—for ongoing treatment upon release. *Id.* at 8-9. The Government also describes aggressive actions taken at FCI Danbury to mitigate the risk of COVID-19 transmission at the facility. *Id.* at 4-6. In reply, Ms. Collins notes that as recently as June 11, 2020, after months of scrutiny and oversight, members of the United States Senate wrote the Director of the BOP to express disappointment over the response to the COVID-19 outbreak at FCI Danbury. Reply 4 (citing Mot. Ex. 8, ECF No. 98-8). She also asserts that she is not at risk to re-offend at her parent's home because they are now aware of her addiction, which they had not been in the past. *Id.* at 5. She adds that her parents have identified a doctor who can help her find a new primary care physician upon her return home. *Id.* (citing Mot. Ex. 5, ECF No. 98-5). She further notes that she is not currently receiving the needed medical, drug, and mental health treatment that was part of her imposed sentence. *Id.*

## DISCUSSION

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020). However, there is an exception when modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B). Here, Ms. Collins requests a modification of her sentence for "compassionate release" under the First Step Act, as amended.

Congress originally enacted the First Step Act in 1984. *See* Pub. L. No. 98-473, 98 Stat. 2030 (1984). The "compassionate release" provision of the 1984 First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A)(i), permitted a court to alter a sentence only upon a motion by the Director of the Bureau of Prisons ("BOP"). However, the BOP rarely used this authority. Accordingly, in 2018 Congress amended the compassionate release mechanism when it enacted the First Step Act

of 2018. *See* Pub. L. 115-391, 132 Stat. 5239 (2018).   As amended, the compassionate release

provision allows the court to act on a motion for compassionate release filed by a defendant. As

revised, 18 U.S.C. § 3582(c)(1)(A) states as follows:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Ms. Collins requests release based on "extraordinary and compelling reasons." 18 U.S.C.

§ 3582(c)(1)(A)(i).   Therefore, under the statute, I must do the following: (1) determine whether

Ms. Collins has fully exhausted all administrative remedies or 30 days have passed since the BOP

received her request to bring a motion for release on her behalf; (2) determine whether

"extraordinary and compelling reasons" warrant a sentence reduction that is "consistent" with

applicable policy statements issued by the Sentencing Commission; and (3) consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."

## I.  Administrative Exhaustion

A court may only consider a prisoner's motion for compassionate release if she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or if 30 days have passed since the warden of a defendant's facility received such a request. 18 U.S.C. § 3582(c)(1)(A).  This condition is satisfied.  Ms. Collins filed a request with the warden of FCI Danbury on May 15, 2020.  *See* Gov't Resp. Ex. A.  The Government agrees that the Court has the authority to rule on this motion.  *Id.* at 6.

## II.  Extraordinary and Compelling Reasons

Second, I must determine whether "extraordinary and compelling reasons" warrant a sentence reduction and that such a reduction is "consistent" with Sentencing Commission statements.  18 U.S.C. § 3582(c)(1)(A).  I join with the majority of courts finding that 18 U.S.C. § 3582(c)(1)(A)(i) as amended grants courts with independent discretion to decide whether there are "extraordinary and compelling reasons" to modify a sentence and does not require that a court defer to the Sentencing Commission's policy statements regarding this question. *See United States v. Wise*, ELH-18-72, 2020 WL 2614816, at *7-9 (D. Md. May 22, 2020) (holding the same and collecting cases). However, while not binding, the Sentencing Commission's policy statements may provide useful guidance.

The applicable Sentencing Commission policy statements are found in U.S.S.G. § 1B1.13, which recites the language of 18 U.S.C. § 3582(c)(1)(A) before it was amended in 2018, including that "the defendant is not a danger to the safety of any other person or to the community."  The commentary to the policy statement provides four examples of what constitutes "extraordinary and

compelling reasons" for a sentence reduction: (1) medical condition of the defendant; (2) age of the defendant; (3) family circumstances; and (4) a catch-all "other reasons." U.S.S.G. § 1B1.13 app. note 1(A)–(C).

Ms. Collins argues that her medical conditions put her at heightened risk for suffering severe complications from COVID-19, and her vulnerability to such complications constitutes an extraordinary and compelling reason for relief.  Mot. Mem. 1-5.  Specifically, she is severely obese, and she suffers from hypertension and asthma.  *Id.*  (citing Mot. Ex. 1 medical records). Not only is she at heightened risk from COVID-19, she is housed at FCI Danbury, where COVID-19 has been detected among inmates and staff, and one inmate has died. Reply 3.   While the Government concedes that her "obesity compellingly elevates her risk for severe illness," it notes only "that individuals with hypertension or asthma *might be at an increased risk* for severe illness from COVID-19."  Gov't Resp. 7 (citing the June 25, 2020 revised guidelines from the Centers for Disease Control and Prevention ("CDC"), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html).  The Government also notes the encouraging improvements related to the pandemic that have occurred at FCI Danbury—95 inmates and 65 staff have recovered, and at the time of the Government's response, only one inmate and no staff members were diagnosed with COVID-19.   *Id.*

Judges in this court have found that the standard of extraordinary and compelling reasons was met during the COVID-19 pandemic where a defendant had serious medical problems that placed them at high risk for complications if they contracted COVID-19.  *See, e.g.*, *United States v. Mel*, TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020) (finding extraordinary and compelling circumstances based COVID-19 present at FCI Danbury and effectively being prevented from receiving necessary medical care for potential cancer); *United States v. Gutman*,

RDB-19-069, ECF No. 82 at 3-4 (D. Md. May 13, 2020) (finding extraordinary and compelling reasons based on COVID-19 present at FCI Cumberland and high risk underlying medical conditions including multiple sclerosis for which Defendant takes an immunosuppressant and hypertension); *United States v. Wright*, TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (finding that, had there been any cases of COVID-19 in Defendant's facility, Defendant's age, obesity, diabetes, and hypertension would have satisfied an extraordinary and compelling reason).

Judges in other circuits have found obesity to be a contributing factor (although not individually sufficient) in analyzing an extraordinary and compelling reason for compassionate release during COVID-19.  *See United States v. Zuckerman*, 2020 WL 1659880, at *5 (S.D.N.Y. Apr. 3, 2020) (finding Defendant's age, diabetes, hypertension, and obesity satisfied an extraordinary and compelling reason); *United States v. Quintero*, 08-CR-6007L, 2020 WL 2175171, at *1 (W.D.N.Y. May 6, 2020) (finding Defendant's diabetes, compromised immune system, obesity, and hypertension satisfied an extraordinary and compelling reason); *United States v. Foreman*, 3:19-CR-62 (VAB), 2020 WL 2315908, at *4 (D. Conn. May 11, 2020) (finding Defendant's age, hypertension, and obesity satisfied an extraordinary and compelling reason); *United States v. Ullings*, 1:10-CR-00406, 2020 WL 2394096, at *4 (N.D. Ga. May 12, 2020) (finding Defendant's age, hypertension, and obesity satisfied an extraordinary and compelling reason).

Certainly, the situation regarding COVID-19 is rapidly evolving, and new information about the virus and risk factors must be taken into account, as well as the changing conditions at prison facilities, for better or worse.  Even though Ms. Collins is only 31 years old, she has serious medical conditions; severe obesity alone—her BMI is 42.9—places her at a higher risk for severe

illness should she contract COVID-19, combined with other serious conditions that may also elevate her risk, supports a finding of extraordinary and compelling reasons for release. The reported improvement in conditions at FCI Danbury does not change the fact that the very nature of the prison environment places inmates at greater risk of contracting COVID-19.[3] These circumstances weigh in favor of finding "extraordinary and compelling reasons" for a sentence modification.

That said, Ms. Collins' conviction was for a serious crime that resulted in a death. She has not yet served even half of her sentence,[4] and she seeks to return to the same environment where she resided when she distributed the opioids that formed the basis of her conviction. The Government rightfully expresses concern that she presents a danger to the community. Although Ms. Collins asserts that she will find a new primary care physician rather than returning to her prior doctor,[5] and she has plans to participate in drug treatment and continue her educational pursuits, I must consider that returning to the same environment could result in a repeat of the same behavior, and a reduction of her sentence to time served at this early date is insufficient to serve as a deterrent. These concerns are further considered in the analysis of the sentencing factors.

## III.    Sentencing Factors

A finding of "compelling and extraordinary reasons" is a necessary, not sufficient, condition for compassionate release. This Court must also consider the factors set forth in 18

---

[3]      Public health experts recommend containing the virus through measures that are very difficult to maintain in a prison environment, such as strictly enforcing social distancing, frequently disinfecting shared surfaces, and frequently washing hands or using hand sanitizer. *See* https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html.

[4]      I note that the imposed sentence of 96 months was already a significant downward departure from the guideline range of 188 to 235 months. Stmt. of Reasons 1-2, ECF No. 86.

[5]      I previously found that Ms. Collins' drug use was contributed to by the failure of her treating physician to diagnose and treat her very serious pain secondary to her injury from a violent sexual assault. Stmt. of Reasons 4. The Government expressed grave concern that Ms. Collins' identified this same doctor to be her primary care physician if she were to be released. Gov't Resp. 8. I share that concern.

U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Those factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed;" (3) "the kinds of sentences available;" (4) the sentencing guideline ranges; (5) "any pertinent policy statement;" (6) "the need to avoid unwarranted sentence disparities among defendants with similar records;" and (7) "the need to provide restitution to the victims of the offense."

Here, Ms. Collins was convicted of a serious drug offense, which although not violent, resulted in death. The Government points out that the circumstances that served to mitigate her original sentence down to 96 months should not serve to further reduce her sentence. She has already received credit for her rehabilitation efforts in pursuing further education and addiction treatment, and I recognized her remorse and commitment to sobriety at the time of sentencing. One of the reasons for the sentence imposed was to provide both specific deterrence against recurring conduct by Ms. Collins, as well as to act as general deterrence towards others committing similar conduct, and to promote respect for the law, and to protect the public. Promoting respect for law extends to demonstrating that there are consequences for serious criminal behavior (especially when it results in the death of others, regardless of whether it was intended), including prison sentences commensurate with the seriousness of the crime. Due punishment likewise includes the length of a prison term. Releasing Ms. Collins from the custodial portion of her sentence when she has served less than half of the agreed-upon sentence (itself significantly below the recommended guidelines range) hardly promotes respect for the law, sufficient specific deterrence, general deterrence, or protection for the public.

Considering all of the circumstances, I find that granting release at this time would be inconsistent with the sentencing factors set forth in § 3553(a)—it would not reflect the seriousness

of the offense, provide just punishment, be a sufficient deterrent to others in the community, and would result in unwarranted sentencing disparities. *See, e.g.*, *United States v. Zamor*, --- F. Supp. 3d ----, 2020 WL 2764282, at *2 (S.D. Fla. May 12, 2020) ("Crucially, [the defendant] has completed less than 40% of this sentence, and the applicable 18 U.S.C. § 3553(a) factors . . . do not warrant [his] release after serving less than half of his sentence"); *United States v. Oropeza Lopez*, No. 1:15-cr-00051-NONE-SKO, 2020 WL 1923194, at *2 (E.D. Cal. Apr. 21, 2020) ("Defendant has served less than half of his sentence [which] ... would not appear to "reflect the seriousness of the offense" or "provide just punishment for the offense.""); *United States v. Edington*, Criminal Case No. 19-cr-00174-REB-1, 2020 WL 2744140, at *5 (D. Colo. May 27, 2020) (concluding that, even if the court were to find the defendant was not a danger to the community, a "sentence of less than half the court originally imposed is [not] sufficient to further the goals of sentencing"); *United States v. Arthur Williams*, CRIMINAL ACTION NO. 15-10145-RGS, 2020 WL 3086049, at *1 (D. Mass. June 10, 2020) (denying in part because defendant had served less than half of his sentence).

## CONCLUSION

The Court recognizes the seriousness of the COVID-19 pandemic and the risks that Ms. Collins faces based on her medical condition. Nonetheless, on balance, the circumstances in support of an early release do not outweigh the seriousness of the underlying offense, the minimal time spent thus far in incarceration, and the danger of returning to the environment where she committed her previous offenses.  Therefore, Ms. Collins' motion for compassionate release is denied.

**ORDER**

For the reasons stated in this Memorandum Opinion and Order, it is this 10th day of July

2020, hereby ORDERED that Ms. Collins' Emergency Motion for Compassionate Release (ECF

No. 96) is DENIED.

_____/S/_____

Paul W. Grimm

United States District Judge
